Betty Jean BECKER, as Administratrix of the Estate of Robert J. Becker, deceased, Plaintiff,

v.

AMERICAN AIRLINES, INC., Lockheed Aircraft Corporation and Kollsman Instrument Corporation, Defendants.

Lucy W. COZIER, as Executrix named in the Last Will and Testament of Philip H. Cozier, deceased, and Lucy W. Cozier, as Administratrix on the Estate of Steven P. Cozier, deceased, Plaintiffs,

v.

AMERICAN AIRLINES, INC., Kollsman Instrument Corporation and Lockheed Aircraft Corporation, Defendants.

Helen M. HOWLETT, Administratrix of the goods, chattels and credits of Charles A. Howlett, deceased, and Jeanne E. Strecker, as Executrix of the Last Will and Testament of Charles E. Strecker, deceased, Plaintiffs,

v.

AMERICAN AIRLINES, INC., Kollsman Instrument Corporation and Lockheed Aircraft Corporation, Defendants.

G. Sargent JANES, as Executor of the Estate of Warham W. Janes, deceased, Plaintiff,

v.

AMERICAN AIRLINES, INC., Kollsman Instrument Company, Inc., and Lockheed Aircraft Corporation, Defendants.

Lars E. JANSON, as Administrator of the Estate of Robert W. Conrad, deceased, Plaintiff,

v.

AMERICAN AIRLINES, INC., Kollsman Instrument Corporation and Lockheed Aircraft Corporation, Defendants.

Donald F. TAYLERSON, as Executor of the Estate of John E. Taylerson, Deceased, and Carrie Dunseath, as General Administratrix and Administratrix ad Prosequendum of the Estate of Florence Taylerson, Deceased, Plaintiffs,

v.

AMERICAN AIRLINES, INC., Lockheed Aircraft Corporation and Kollsman Instrument Corporation, Defendants.

Evelyn E. ZAHN, as Administratrix of the Goods, Chattels, and Credits which were of John D. Zahn, deceased, Plaintiff,

v.

AMERICAN AIRLINES, INC., Kollsman Instrument Company, Inc., and Lockheed Aircraft Corporation, Defendants.

United States District Court
S. D. New York.
Dec. 27, 1961.

See also 25 F.R.D. 268.

Casey, Lane & Mittendorf, New York City, for plaintiff Becker.

Gair & Gair, New York City, for plaintiffs Cozier, Howlett, Strecker and Janson.

Willkie, Farr, Gallagher, Walton & Fitzgibbon, New York City, for plaintiffs Janes and Zahn.

Speiser, Quinn & O'Brien, New York City, for plaintiffs Taylerson and Dunseath.

Bigham, Englar, Jones & Houston, New York City, for defendant American Airlines, Inc.

Arthur Richenthal, New York City, for defendant Kollsman Instrument Corporation.

Mendes & Mount, New York City, for defendant Lockheed Aircraft Corporation.

SUGARMAN, District Judge.

In the spring of 1958 defendant Kollsman Instrument Corporation (Kollsman) sold two drum type Model #A28586–10–001 altimeters, serial numbers 127 and 139, to defendant Lockheed Aircraft Corporation (Lockheed) which installed them in Electra Airplane N6101A which it sold and delivered to defendant American Airlines, Inc. (American) on or about November 26, 1958.

On February 3, 1959 that plane, as American's flight #320, left Midway Airport, Chicago, Illinois, on a flight to La-Guardia Airport, New York. It crashed into the East River about 4900 feet off runway 22 toward which it was headed for a landing.

Seven suits in this court for the wrongful death of ten fare paying passengers and for the conscious pain and suffering of three of these, have been consolidated for trial to a jury,[1] which will commence on January 8, 1962.

The defendants in all of these actions are American which owned, operated and controlled the plane, Lockheed which built it and Kollsman which supplied the altimeters as aforesaid.

A belated motion by American at pretrial to cross claim against Lockheed and Kollsman has been denied.

At the pre-trial conferences it was indicated that American's co-pilot and flight engineer who survived the crash will testify that the altimeters indicated a height of about 500 feet when the plane was about 50 feet above the water.

The altimeters were sealed by Kollsman before their delivery to Lockheed and remained so sealed until after they were retrieved from the East River after the crash.

American, which claims no knowledge of the malfunctioning of identical altimeters prior to this accident on February 3, 1959, except one incident on January 16, 1959 when one of two such altimeters in another of its planes (which altimeter bore serial #101 and was the first one of the type sold by Kollsman) misindicated by 300 feet the altitude of that plane when in descent at 12,000 feet.

American claims to have learned since the accident on February 3, 1959 that

---

1. A factor to be considered herein. United States v. Compania Cubana De Aviacion, S. A., 224 F.2d 811, 820 (5th Cir. 1955).

about a dozen of these altimeters, to Kollsman's and Lockheed's knowledge but not to American's, malfunctioned before that date and that about twenty-five malfunctioned after that date.

In compliance with a request by some of the parties at pre-trial for a ruling on American's expressed intention of introducing proof at the trial of all of the malfunctions of identical altimeters both before and after February 3, 1959, this order is made.

It appears that upon a proffer by American of similar proof in the consolidated trial in the Supreme Court of the State of New York, Kings County, of other actions arising out of the same catastrophe, the proof was excluded (Kemach et al. v. American Airlines, Inc. et al., Index #4789/1960).

The absolute exclusion of this type of proof which Professor Wigmore attributes to an Auxiliary Probative Policy[2] is a rule of evidence and as such should "be treated within the domain of procedural law".[3]

Turning, therefore, to F.R.Civ.P. 43 (a), 28 U.S.C.A., the cast of that rule is found to be "toward admissibility, not exclusion".[4]

■ Only when there is no federal statute,[5] no rule of evidence heretofore applied in the courts of the United States on hearings of suits in equity[6] and no rule of evidence in the State of New York where this court is held[7] admitting the proffered proof, may the state rule of exclusion (applied in the Kings County suit as aforesaid) be followed in this court.

No federal statute affecting this type of proof is apparent. However, federal decisional law on the subject has been suggested.

In Lobel v. American Airlines, Inc.[8] Professor Wigmore's critique of the absolute exclusion of circumstantial evidence on the basis of Auxiliary Probative Policy is approved, although that case dealt with an experiment rather than an observation. While Lobel was clearly not "a suit in equity" as the second classification in Rule 43(a) requires, it is nevertheless applicable because *aequitas sequitur legem.*[9]

Weighing the conflicting considerations of relevancy against inconvenience[10] a line can be drawn which will accommodate both.

■ The malfunction of identical devices is relevant.[11] On the other hand the defendants thereby inculpated must have full opportunity to explore the reasons for the alleged malfunctions in an attempt to negate inferences to be drawn by the jury therefrom.

To avoid jury confusion and to keep the trial within reasonable duration the parties are limited to proof of the alleged malfunction of altimeters #127 and #139 and of the twelve altimeters which occurred prior to February 3, 1959. The cutoff date of February 3, 1959, the date of the instant accident, is suggested by a variety of reasons.

One is that, on the theory that Lockheed and Kollsman having learned of the prior malfunctions had notice of the propensities of this type altimeter to err and were negligent in not notifying American thereof, only those which malfunctioned prior to February 3, 1959 would be relevant.

Another is that, on the theory that experiences of error in any of the type would be admissible under Pekelis as a basis for an inference of malfunction in

2. 2 Wigmore on Evidence (3d ed.) § 443.

3. 5 Moore's Federal Practice 1310.

4. 5 Moore's Federal Practice 1319.

5. 5 Moore's Federal Practice 1322.

6. 5 Moore's Federal Practice 1325.

7. 5 Moore's Federal Practice 1326.

8. 205 F.2d 927 (2d Cir. 1953).

9. Hope v. Hearst Consolidated Publications, Inc., 294 F.2d 681, 5 F.R.Serv.2d 67 (2d Cir. 1961).

10. 2 Wigmore on Evidence (3d ed.) § 443.

11. Pekelis v. Transcontinental & Western, 187 F.2d 122 (2d Cir. 1951) cert. denied, 341 U.S. 951, 71 S.Ct. 1020, 95 L.Ed. 1374.

numbers 127 and 139 which were in the aircraft when it crashed, allowing 12 prior of the 37 total incidents of malfunction (32%) seems reasonable in the light of defendant American's partial analysis in its brief that the nature of malfunction of the 12 prior instances include substantially the nature of malfunction of the 25 subsequent instances. Thus the proof of the 25 subsequent instances would be in great measure merely cumulative of the proof of the 12 prior instances.

This does not however resolve the problem for undoubtedly, American's or plaintiffs' proof of the alleged 12 prior malfunctions, will evoke from the remaining defendants not only explanation for those malfunctions which it is assumed will seek to distinguish them from altimeters 127 and 139 but also instances of proper functioning of this type altimeter. Fairness and the construction of F.R.Civ.P. 43(a) in favor of admissibility require that they be permitted to do so. Although dealing with "other accidents and injuries" Professor McCormick [12] states that if proof of such is admissible "then logically it would follow that proof of the absence of such accidents during a period of similar exposure and experience, would generally be receivable to show the nonexistence of these facts".

I recognize no cogent reason why the same rule should not apply to the malfunction of devices.[13] But here too, some limitation must be imposed on the relaxation of the Auxiliary Probative Policy rule discussed above, to accommodate the conflicting needs of relevancy and inconvenience.

Accordingly, as a matter of discretion it is directed that no proof will be admitted nor shall any reference be made during the trial to the malfunction or proper functioning of any Kollsman altimeter drum type Model #A28586–10–001 subsequent to February 3, 1959.

It is so ordered. Exceptions to all parties.

12. McCormick on Evidence 353.

13. Cf. Persons v. Gerlinger Carrier Company, 227 F.2d 337 (9th Cir. 1955).