HOLIDAY INNS, INC.,
Plaintiff-Appellant,

v.

ROBERTSHAW CONTROLS COMPANY, a Delaware Corporation, Vulcan-Hart Corporation, an Indiana Corporation, and Elmwood Sensors, Inc., a Rhode Island Corporation, Defendants-Appellees.

No. 76–2178.

United States Court of Appeals, Seventh Circuit.

Argued June 1, 1977.

Decided Aug. 22, 1977.

Robert Marc Chemers, Joseph B. Lederleitner, Chicago, Ill., for plaintiff-appellant.

William R. Galliani, J. Patrick Healy, Francis D. Morrissey, Chicago, Ill., for defendants-appellees.

Before SWYGERT and BAUER, Circuit Judges, and GRANT, Senior District Judge.*

BAUER, Circuit Judge.

Plaintiff appeals from an adverse judgment after a bench trial in a products liability action. We affirm.

Holiday Inns brought this action to recover for damages to its property from a fire in a deep fat fryer used by its ·kitchen personnel to prepare fried foods. The fryer was manufactured and sold by the defendant Vulcan-Hart Corporation and contained an over-temperature thermostat manufactured by defendant Elmwood Sensors, Inc.[1]

In a well-considered memorandum opinion, Judge Decker held that the weight of the evidence favored the defendants' theory that the fire was caused by plaintiff's personnel using the fryer without sufficient grease to cover the unit's heating elements, rather than the plaintiff's theory that the fire was caused by a defect in the over-temperature thermostat on the unit. After reviewing the record, we hold that Judge Decker's findings are fully supported by the evidence and are not clearly erroneous.

Plaintiff's principal contention on appeal is that Judge Decker erred by failing to consider its alternative theory for recovery, viz., that the fryer was unreasonably dangerous because it lacked an oil level sensing device that would shut off the unit if the oil level should fall below the heating elements. If this theory had been considered and accepted by the district court, plaintiff presumably would have prevailed in view of the court's finding that the fire was caused by the low oil level in the unit.

The court refused to consider the theory because the plaintiff, in violation of Federal Rule of Civil Procedure 26(e)(2),[2] failed to supplement an answer to an interrogatory. The interrogatory, filed March 20, 1975, asked plaintiff,

"Other than the control thermostat do you allege that there was any other part or component that was either defective or in a dangerous condition at the time of the occurrence alleged in your complaint? If the answer to this interrogatory is yes, please state the other parts or components and the nature of the alleged defect or dangerous condition."

---

* The Hon. Robert A. Grant, United States District Court for the Northern District of Indiana, is sitting by designation.

1. The manufacturer of a second component thermostat, Robertshaw Controls Company, was dismissed as a defendant prior to trial.

2. Rule 26(e)(2), Federal Rules of Civil Procedure, provides: "(e) *Supplementation of Responses.* A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows . . . (2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (A) he knows that the response was incorrect when made, or (B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment."

On May 27, 1975, the plaintiff answered,

"At this time plaintiff has determined a defective condition of the over-temperature control thermostat which the plaintiff believes created a failure of other components. Investigation continues."

The defendants received no supplement to this interrogatory notifying them of plaintiff's alternative theory that the fryer lacked an oil level sensing device. They say they first received notice of the theory only four days before the June 21, 1976 trial date. Not having received earlier notice of the theory, defendants claim to have been substantially prejudiced because they were unable to prepare a case to rebut it.

The plaintiff argues that defendant received notice of the theory (1) in plaintiff's pleadings, which alleged, *inter alia,* that the defendants negligently

"Failed to obtain or use the necessary component parts for the safe operation of the deep fat fryer and for the purpose for which it was designed [and]

Failed to manufacture or assemble the deep fat fryer according to the standards of the industry and trade."

and (2) in a letter accompanying a report of an engineer hired by the plaintiff written in October 1973, which was sent to defendant Vulcan-Hart's attorneys subsequent to the interrogatory answer.

We find neither of these sources to be sufficient supplementation for purposes of Rule 26(e)(2). The pleadings were filed before the interrogatory and consist of boilerplate normally used in product liability cases. The interrogatory served more to "supplement" the pleadings than vice-versa.

The post-interrogatory letter vaguely mentions "that the design of the appliance leaves something to be desired" in one sentence that was written before the suit was filed. The letter does not mention that it was intended to supplement the interrogatory answer. Certainly it did not serve that purpose.

In addition, plaintiff's expert, who testified as part of an offer of proof of the alternative theory, failed to mention that theory in a deposition taken February 16, 1976, approximately four months before trial. His deposition reads:

"Were there any problems that you—in your opinion, were there any problems in the design of the entire deep fat fryer system?

A. Yes, I believe regarding the particular circuitry where a normally open circuit senses the over-temperature conditions, if that had been normally closed contact, I believe it would provide more positive—more combined with other schematic changes, it would provide more positive protection in case of open circuit, for example, because the way it is designed if any connection comes loose in the over-temperature thermostat circuit or a wire comes open, there is no way the over-temperature thermostat will act."

This answer was never supplemented as it should have been according to Rule 26(e)(1)(B):

"A party is under a duty seasonably to supplement his response with respect to any question directly addressed to . . . (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony."

In view of these failures to supplement answers that resulted in the defendants being surprised at trial by plaintiff's alternative theory, we hold that the district judge acted properly in refusing to let the plaintiff present its alternative theory at trial. See *Nutt v. Black Hills Stage Lines, Inc.,* 452 F.2d 480 (8th Cir. 1971); *Greyhound Lines, Inc. v. Miller,* 402 F.2d 134, 143 (8th Cir. 1968).

AFFIRMED.