Wanda Lee STURM, et al., Plaintiffs,

v.

CLARK EQUIPMENT COMPANY,
Defendant.

No. 79–6018–CV–SJ.

United States District Court,
W. D. Missouri,
St. Joseph Division.

Sept. 16, 1982.

Robert F. Leonard, Sidney, Iowa, Suzanne Bocell Bradley, and Wendell E. Koerner, Jr., St. Joseph, Mo., for plaintiffs.

Joseph A. Sherman and James M. Yeretsky, Jackson & Sherman, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SACHS, District Judge.

In this products liability suit the jury rendered a verdict in favor of defendant. Pending are plaintiffs' motion for a new trial and defendant's motion for a directed verdict. Plaintiffs assert twelve grounds in support of their motion, which we briefly address in turn.

■ Plaintiffs' major legal contention is that the Court erred in allowing Eugene J. Kielb, design engineer for the Bobcat Model M–610, to testify that some 34,000 M–610 loaders were built from 1972 to February, 1978, that these machines represented 74,-000 machine years of exposure during that period, and that he was aware of no other accident involving a person getting on or off or leaning out of the machine while the motor was in operation. The point was that a considerable volume of the questioned equipment was in use, without injuries that plaintiffs claimed could be anticipated from the type of usage in question. Plaintiffs rely on *Schillie v. Atchison, Topeka & Santa Fe Ry. Co.,* 222 F.2d 810 (8th Cir. 1955), a case holding that evidence of the *absence* of prior accidents is inadmissible. *Schillie* was decided under former Rule 43(a), F.R.Civ.P., which directed reference to state law on many evidentiary questions. *See* Wright, *Law of Federal Courts* 457 (3d ed. 1976). The *Schillie* decision relied on Missouri law in deciding that the evidence should not be admitted. 222 F.2d at 818.[1] The former Rule 43(a) has been superseded, however, by the Federal Rules of Evidence. *Hughes v. Hemingway Transport, Inc.,* 539 F.Supp. 130, 132 (E.D.Pa. 1982). In general, the admissibility of evidence, even in a diversity case, should now be decided according to federal law. *Johnson v. Wm. C. Ellis & Sons Iron Works,* 609 F.2d 820, 821 (5th Cir. 1980).

■ Cases deciding the issue as a matter of federal law have generally, if not universally, held that evidence of the absence of prior accidents is relevant and admissible, assuming an adequate foundation is established regarding comparability of circumstances. *DeMarines v. KLM Royal Dutch Airlines,* 580 F.2d 1193, 1202 (3d Cir. 1978); *Walker v. Trico Manufacturing Co., Inc.,* 487 F.2d 595, 599 (7th Cir. 1973); *Becker v. American Airlines, Inc.,* 200 F.Supp. 243, 246 (S.D.N.Y.1961). In the instant products liability case, in which the evidence is offered to establish the lack of a defect, the fact that Kielb's testimony was limited to the same model Bobcat as was involved in the accident in issue establishes a sufficient foundation as to comparability, and no more qualified witness can be suggested for presenting the general line of testimony offered. The Court remembers little or no cross-examination of the witness as to the underlying facts. The question of admissibility was decided consistently with prevailing evidentiary concepts.

■ Plaintiffs also contend that it was error to submit a contributory fault instruction to the jury, in that there was no evidence to support the conclusion that Dennis Sturm "[knew] the facts which create the danger and . . . that he comprehend[ed] and appreciate[d] the danger itself." *Kayser v. Rockwell Graphic Systems, Inc.,* 666 F.2d 1233, 1235 (8th Cir. 1982). There was testimony that Sturm had been given both oral and written instruction regarding the proper operation of the Bobcat loader and the dangers presented by the machine. Thus, the jury could have found that Sturm knew and appreciated the danger involved in operating the Bobcat. For this reason, this suggestion of error is not well taken. We also reject the contentions that the verdict is against the great weight of the evidence and against the great weight of the credible evidence.

1. For purposes of this motion we may assume that current Missouri law would still exclude this evidence. *But see Russell v. Mid-Western Homes & Truss, Inc.,* 514 S.W.2d 651, 652 (Mo. App.1974) (evidence of the nonoccurrence of "problems" admissible as proof of design soundness). The rule against admissibility appears to go against the trend of recent decisions, *McCormick on Evidence* § 200 (2d ed. 1972) at 477, and is somewhat lacking in even-handed logic. *Ibid.* 476.

Two of plaintiffs' assignments of error, # # 7 and 12, relate to damage issues. We need not consider whether any error was committed with respect to these items due to the fact that the jury rendered a verdict for defendant. Error, if any, was nonprejudicial.

■ Three of plaintiffs' assignments of error, # # 4, 5, and 8, involve the introduction of evidence concerning lock-out systems for hydraulic booms. Some of this information may have been sought on redirect examination that was beyond the scope of cross examination and on matters not covered by the direct examination. In addition, the proffer of the evidence in question related to a modification of the views of plaintiffs' expert that had not been disclosed to defendant in answers to interrogatories or otherwise during discovery. See plaintiffs' answer to interrogatory 13(b), filed April 16, 1979. Introduction of the evidence would, therefore, have been prejudicial to defendant and would have materially changed the issues in the case. Plaintiff counters that defendant should not have been surprised that the issue of interlocks would be in the case because *defendant's* expert had been questioned on the matter during his deposition. The fact that Dr. Morrell was questioned on the lock-out systems did not, however, provide notice to defendant that plaintiffs had developed and would be relying on a defect theory relating to these systems, so that defendant could be fully prepared for trial on this issue. If plaintiffs were serious about the issue, rather than presenting a belated make-weight theory at trial, pretrial disclosure should have been made. *Voegeli v. Lewis,* 568 F.2d 89, 96 (8th Cir. 1977), citing Rule 26(e)(1), F.R.Civ.P. *See also Holiday Inns, Inc. v. Robertshaw Controls Co.,* 560 F.2d 856 (7th Cir. 1977). A serious risk of reversible error would have been incurred if the Court had permitted Dr. Creighton to testify to a basic defect theory not disclosed in the answers to interrogatories.

■ Plaintiffs allege error in not being allowed to argue to the jury that defendant was a "calloused manufacturer of equipment in placing on the market a machine that they know, or should have known would eventually kill." Callousness is defined as "hardened in sensibility; . . . without regard for the feelings or welfare of others; indifferent to the suffering of others." *Webster's Third New International Dictionary.* Defendant's indifference or callousness would relate to punitive-type damages for causing death under aggravated circumstances, which were not sought in this case. The argument was, therefore, properly prevented, and, in any event, does not go to the issue of liability, on which the jury rejected plaintiffs' proof.

■ Plaintiffs' final assignment of error is that defendant should not have been allowed to examine witness Roop on matters that were beyond the scope of direct examination. We agree with plaintiffs that matters were presented that were not proper cross examination. For this reason the Court allowed examination of Mr. Roop with regard to his familiarity with the Bobcat and warnings to Sturm as if on direct examination in defendant's case. Leading questions were barred, over strenuous objection by defendant. This procedure negated the need to have Roop recalled as a witness for defendant and was not confusing to the jury, even if the testimony may be considered to have been allowed out of order. Rule 611(a), F.R.Evid.

For the reasons stated above and for good cause shown, it is hereby

ORDERED that plaintiffs' motion for new trial is denied.

ORDERED that defendant's motion for a directed verdict is denied as moot.