**Rudolph B. MICHETTI, et ux.**

v.

**LINDE BAKER MATERIAL HANDLING CORPORATION.**

Civil Action No. 96–5468.

United States District Court, E.D. Pennsylvania.

April 24, 1997.

Paul A. Lauricella, James J. McHugh, Jr. Beasley, Casey, Colleran, Erbstein, Thistle & Kline, Philadelphia, PA, for plaintiffs.

Bruce E. Rodger, Paul, Mardinly, Durham, James, Flandreau & Rodger, Media, PA, Harold I. Braff, A. Wesley Mc Kee, Braff, Harris and Sukoneck, Livingston, NJ, for defendant.

## MEMORANDUM

DALZELL, District Judge.

### I. *Factual Background*

Plaintiff Rudolph B. Michetti has filed this Restatement (Second) of Torts 402A product liability diversity suit, claiming that he was injured in the course of his employment at Philadelphia Newspapers, Inc. ("PNI") while operating a pallet jack (a motorized forklift-

like device) defendant Linde Baker Material Corporation ("Linde Baker") manufacturers.

A pallet jack is a device used at the PNI's printing facility to move heavy loads of pre-prints for particular editions of the newspapers. These pallet jacks may be used in two modes, as a "walker" or as a "rider." Mr. Michetti claims that the force needed to operate the pallet jack in the "rider" mode has caused him permanent injury to his left arm, specifically his ulnar nerve.

Linde Baker asserts that in the forty years it has manufactured the pallet jack at issue here (and its predecessor jacks), it has no knowledge of any previous complaints of repetitive stress related injuries associated with its product. Mr. Michetti, in response, has filed a motion *in limine* to preclude Linde Baker from introducing evidence at trial concerning the absence of any prior injuries associated with the pallet jacket. *See* Def.'s Response at 8 (plaintiff seeks to bar defendant from introducing evidence that plaintiff's "claimed injury is unique in the forty plus year period that the basic model pallet jack involved in this litigation has been in service."). We shall, for the reasons set forth below, grant the motion in part and deny it in part.

## II. *Legal Analysis*

█ The Superior Court of Pennsylvania in *Spino v. John S. Tilley Ladder Co.*, 448 Pa.Super. 327, 671 A.2d 726 (1996), *allocatur granted*, 545 Pa. 418, 681 A.2d 745 (1996), recently addressed the issue of whether a defendant in its case may introduce evidence of the absence of similar accidents in the past in order to establish a lack of causal relationship between the injury and defect charged. In *Spino*, the Superior Court noted that, under Pennsylvania law, a plaintiff in his case-in-chief is allowed to introduce evidence of similar past accidents involving the product he claims has caused him injury, as long as plaintiff "establishes a substantial similari-

ty of conditions between the prior incident and the incident giving rise to the plaintiff's cause of action," *id.* 671 A.2d at 735. The Court went on to hold that the converse is also admissible, *i.e.*, the defendant may introduce evidence that the plaintiff's injury is unique. *See id.* at 736 ("[S]uch evidence may be admitted if relevant to a contested issue of causation, under appropriate instructions from the court and subject to the exercise of the trial court's discretion as to the probative value of the evidence, where the requirement of substantially identical circumstances is satisfied.") (citing cases).[1]

Our Court of Appeals addressed this issue in *DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193 (3d Cir.1978). In *DeMarines*, plaintiff claimed that during an international flight aboard a KLM-operated aircraft, he suffered, among other ailments, "an explosion-like pressure within head" and a loss of equilibrium. *Id.* at 1195. The Court of Appeals noted, with regard to this evidentiary issue, that:

> [B]ecause this case must be retried for reasons to which we have already alluded, we express our view on the district court's exclusion of evidence of the absence of other claims arising out of the ... flight.
>
> All the evidence introduced by plaintiff on the issue of whether an 'accident' had occurred bore upon the presence or absence of an injurious effect upon the passengers from the alleged accident. The plaintiff's own injury was the most probative evidence that an 'accident' has occurred. The proffered proof of an absence of other claims tends to prove the absence of other injuries and is, therefore, comparably relevant. The possibility that persons may have sustained injuries without filing claims should not prevent the admission of pertinent evidence, and its negative aspect merely goes to the weakness and weight of such evidence rather than its admissibility. Rule 401 of the Federal Rules of Evidence

1. *See, e.g., Espeaignnette v. Gene Tierney Co.*, 43 F.3d 1, 9 (1st Cir.1994) (evidence of absence of prior accidents, in a strict liability case, *see id.* at n. 12, admissible to show "(1) absence of the defect or other condition alleged, (2) the lack of a causal relationship between the injury and the defect or condition charged, and (3) the nonexis-tence of an unduly dangerous situation."); *Harrison v. Sears, Roebuck & Co.*, 981 F.2d 25, 30 (1st Cir.1992); *Bilski v. Scientific Atlanta*, 964 F.2d 697, 700 (7th Cir.1992). *Cf. Klonowski v. International Armament Corp.*, 17 F.3d 992, 996 (7th Cir.1994).

states that evidence is relevant if it tends to make the existence of a fact more probable or less probable than it would be without the evidence. If other claims had been made against KLM, evidence of those claims would have been relevant to make the existence of an accident more probable. Proof of the absence of claims, though not carrying as much weight, makes the existence of the fact of the 'accident' less probable than it would be without the evidence. We believe it was error to have excluded it. *Id.* at 1202.

Given our Court of Appeal's holding on the matter, together with the weight of federal authority on this issue,[2] and the well-reasoned recent opinion of the Pennsylvania Superior Court, we will apply in this case the rule the Superior Court has set forth[3]— "[W]here the threshold requirement of abundant situations of substantially identical circumstances is substantiated, admission of evidence of the absence of similar accidents *to rebut evidence of causation* is a matter committed to the sound discretion of the trial court in conjunction with such instructions as the trial court deems appropriate." *Spino*, 671 A.2d at 737; *see Pandit*, 82 F.3d at 380 ("Evidence of the absence of prior similar claims will not be admitted unless it relates to a substantially similar product used in settings and circumstances sufficiently simi-

lar to those surrounding the product at the time of the accident to allow the jury to connect past experience with the accident sued upon.").

▮▮▮ Given plaintiff's ability under Pennsylvania law to wield as a sword similar past accidents involving defendant's allegedly defective product, it is only fair (and relevant)[4] that a defendant should be allowed, under certain circumstances, to use as a shield the absence of any similar past accidents.

An appropriate Order follows.

## ORDER

AND NOW, this 24th day of April, 1997, upon consideration of plaintiff's motion *in limine* to preclude alleged evidence concerning the absence of prior injuries, and defendant's response thereto, and for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion is GRANTED IN PART and DENIED IN PART in accordance with the accompanying Memorandum.

2. *See e.g., Pandit v. American Honda Motor Co.*, 82 F.3d 376, 380 (10th Cir.1996) (same) (citing *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1152 (6th Cir.1988); *Sturm v. Clark Equip. Co.*, 547 F.Supp. 144, 145 (W.D.Mo.1982) ("Cases deciding the issue as a matter of federal law have generally, if not universally, held that evidence of the absence of prior accidents is relevant and admissible, assuming adequate foundation is established regarding comparability of circumstances."), *aff'd*, 732 F.2d 161 (8th Cir.1984); 1 *McCormick on Evidence* § 200 (John W. Strong 4th ed. 1992) (noting that "[a] large number of cases recognize that lack of other accidents may be admissible"); Thomas R. Mulia, Annotation, *Products Liability: Admissibility of Evidence of Absence of Other Accidents*, 51 A.L.R. 4th 1186 (1987)); *see also Walker v. Trico Mfg., Inc.*, 487 F.2d 595, 599 (7th Cir.1973); *Becker v. American Airlines, Inc.*, 200 F.Supp. 243, 246 (S.D.N.Y. 1961).

3. *See generally Wisniewski v. Johns–Manville Corp.*, 759 F.2d 271, 273–74 (3d Cir.1985) ("Al-

though lower state court decisions are not controlling on an issue on which the highest court of the state has not spoken, federal courts must attribute significant weight to these decisions in the absence of any indications that the highest state court would rule otherwise."); *Adams v. Cuyler*, 592 F.2d 720, 725 n. 5 (3d Cir.1979) ("Federal courts ... may consider the pronouncements of state intermediate appellate courts as an indication of how the state's highest court would rule."), *aff'd*, 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981). We understand, however, that the enterprise is perilous. *See* Dolores K. Sloviter, *A Federal Judge Views Diversity Jurisdiction Through the Lens of Federalism*, 78 Va.L.Rev. 1671, 1679–80 (1992) (examples of when Third Circuit predictions of Pennsylvania Supreme Court rulings proved inaccurate).

4. Relevant evidence encompasses evidence tending to establish negative as well as positive facts. *See United States v. Aboumoussallem*, 726 F.2d 906, 912 n. 6 (2d Cir.1984) (citing *DeMarines*, 580 F.2d 1193, and *United States v. Fearn*, 589 F.2d 1316, 1323 n. 5 (7th Cir.1978)).