Mark HOOKER and Carol Hooker, Plaintiffs,

v.

NORFOLK SOUTHERN RAILWAY COMPANY, Defendants.

No. IP01–0386–C–T/K.

United States District Court, S.D. Indiana, Indianapolis Division.

Oct. 18, 2001.

Daniel J Harrigan, Bayliff, Harrigan, Cord & Maugans, Kokomo, IN, for Plaintiffs.

John C Duffey, Stuart & Branigin, Lafayette, IN, for Defendant.

## ORDER COMPELLING 30(b)(6) DEPOSITIONS

BAKER, United States Magistrate Judge.

### I. Facts/Focus of Dispute

On February 25, 1999, Plaintiff Mark Hooker sustained severe injuries as a result of a railroad crossing accident in which his vehicle collided with a train. Hooker and his wife ("Plaintiffs") bring this personal injury action[1] against Defendant Norfolk Southern Railroad Company, alleging that it was negligent in the operation of its railroad and in the maintenance of its railroad grade crossing intersecting CR 300 W., located in Howard County, Indiana.

Plaintiffs served a notice under Federal Rule of Civil Procedure 30(b)(6), seeking to depose unknown corporate witnesses to establish their claims of negligence. The notice requested testimony from Defendant's officers, directors, managing agents, or other persons on the following matters:

1. Testimony regarding the event recorder on the engine involved in the accident and the readings taken from the event recorder referencing the speed of the train three miles before the grade crossing;

2. Testimony concerning the frequency of train traffic at the grade crossing two years prior to the accident;

3. Testimony about the nature of repairs made at the grade crossing ten years prior to the accident; and

4. Testimony concerning Defendant's policy involving the installation of night lights or other illumination devices placed near the grade crossing utilized by slow moving trains at night.

Essentially, Defendant seeks a protective order under Fed.R.Civ.P. 26, stating that Plaintiffs' request to take depositions "seeks to discover information which is irrelevant and incapable of leading to the discovery of relevant information." (Def.'s Objection to Pls.' 30(b)(6) Notice of Depositions, ¶¶ 1–4). In addition, Defendant asserts a second objection to request number four, stating that any claim relating to inadequate warning at the crossing is "preempted by federal law."[2] *Id.* at ¶ 4.

## II. Discussion

### A. Standard on Rule 30(b)(6)

■ It is not literally possible to depose a corporation. Instead, information from a corporation must be sought from natural persons who can speak on behalf of the corporation. 8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2103, pp. 38–39 (2d ed.1994). Rule 30(b)(6) of the Federal Rules of Civil Procedure provides a procedural device to expedite this process. It states in pertinent part: "A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency. . . . In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf. . . ." See *Solomon v. Kimberly–Clark Corp.*, 1999 WL 89570, *2 (N.D.Ill. February 12, 1999). The rule allows a corporation to speak through its agents.

---

1. This action was originally filed in the Howard County Superior Court, Cause No. 34D01–0102–CT–00110. Due to the diversity in citizenship between the parties, the case was removed to federal court pursuant to 28 U.S.C. § 1332 on March 21, 2001.

2. On September 4, 2001, after the present discovery dispute arose, Defendant filed a motion for summary judgment, claiming that Plaintiffs' "extra hazardous crossing/inadequate warning device" claim is preempted by the Federal Railroad Safety Act, 49 U.S.C. §§ 20101–20153.

Rule 30(b)(6) also operates as a vehicle for streamlining the discovery process. See *Resolution Trust Corp. v. Southern Union Co., Inc.,* 985 F.2d 196, 197 (5th Cir. 1993). The effect of the rule is to place upon the business entity the burden of identifying witnesses who possess knowledge responsive to subjects requested in the Rule 30(b)(6) request. *Id.; Canal Barge Co. v. Commonwealth Edison Co.,* 2001 WL 817853, *1 (N.D.Ill. July 19, 2001). The rule is designed to prevent business entities from "bandying", the practice of presenting employees for their deposition who disclaim knowledge of facts known by other individuals within the entity. *Smithkline Beecham Corp. v. Apotex Corp.,* 2000 WL 116082 at *8 (N.D.Ill. Jan.24, 2000) (citing *Alexander v. F.B.I.,* 186 F.R.D. 148, 152 (D.D.C.1999)). Consequently, it imposes a duty upon the named business entity to prepare its selected deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know. *Canal Barge Company v. Commonwealth,* 2001 WL 817853 at * 1, citing *Smithkline,* 2000 WL 116082 at *9.

### B. Plaintiff's are entitled to take Rule 30(b)(6) depositions

Defendant states Plaintiffs are not entitled to depose its corporate witnesses because the information sought is either not relevant to the claims and/or is incapable of leading to the discovery of relevant information. Rule 30(b)(6) does not set its own discovery standard. *Cabot Corporation v. Yamulla Enterprises, Inc.,* 194 F.R.D. 499 (E.D.Pa.2000). Therefore, Federal Rule of Civil Procedure 26(b)(1) is the proper standard to resolve this dispute. It allows a party to obtain information from a party to the litigation, concerning "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R.Civ.P. 26(b)(1); *TIG Ins. Co. v. Giffin, Winning, Cohen & Bodewes,* 2001 WL 969037, *1 (N.D.Ill. August 24, 2001). The information sought need not be admissible at trial if it appears reasonably calculated to lead to the discovery of admissible evidence. *Builders Ass'n of Greater Chicago v. City of Chicago,* 2001 WL 1002480, *1 (N.D.Ill. August 30, 2001), citing Fed.R.Civ.P. 26(b)(1).

With regard to requests one, two, and three, other than its boilerplate Rule 26(b) objections set forth in its "Objections to Plaintiffs' FRCP 30(b)(6) Notice of Depositions", Defendant fails to state why it believes that the requested depositions are not reasonably calculated to lead to the discovery of admissible evidence. Deposition testimony of persons with first-hand knowledge of the functioning of the event recorder may determine the speed of the train as it crossed the intersection. Testimony regarding the train traffic at the grade crossing will also be helpful in compiling statistical evidence on how frequently the tracks were used leading to the grade crossing. Further, testimony regarding the repair (or lack thereof) of the grade crossing for the ten years prior to the accident could assist Plaintiffs in establishing causation. In sum, the Court concludes that Plaintiffs are permitted to discover the requested information in requests one, two, and three by taking the Rule 30(b)(6) depositions, which may assist them in establishing their negligence claim.

Defendants claim that Plaintiffs' request for depositions number four regarding the installation of night lights or other illumination devices is preempted by federal law, and that deposition testimony regarding this subject is unnecessary. Assuming *arguendo* that the Court grants Defendant's motion for summary judgment on this theory, in light of the liberal discovery standard, information relating to the illumination of the grade crossing is reasonably calculated to lead to the discovery of admissible evidence. Discovery on this issue may lead to other evidence of negligence since it also seeks information relating to slow moving trains in the evening hours. Therefore, Plaintiff are entitled to depose the individual summoned in request number four. See *Settles v. Illinois Dept. of Human Services,* 2001 WL 987590, *1 (N.D.Ill. August 28, 2001.), citing *Holiday Inns, Inc. v. Robertshaw Controls Co.,* 560 F.2d 856, 858 (7th Cir.1977). (Federal Rules of Civil Procedure are designed to promote liberal discovery in an effort to focus the issues for trial and to prevent unfair surprise).

## III.  Conclusion

Accordingly, the Court DENIES Defendant's request for a protective order. As a result, Plaintiffs may depose witnesses set forth in their Rule 30(b)(6) Notice of Deposition. As set forth in the Court's September 17th Entry, Plaintiffs shall file their opposition in Defendant's motion for summary judgment as soon as practicable, but no later than November 15, 2001.

*So ordered.*