**WORLD WRESTLING FEDERATION ENTERTAINMENT, INC., a Delaware Corporation, Plaintiff,**

v.

**WILLIAM MORRIS AGENCY, INC., A Delaware Corporation, Defendant.**

**No. 00 CIV 7420 RMB HBP.**

United States District Court,
S.D. New York.

Dec. 3, 2001.

John J. Sullivan, New York City, for plaintiff.

Parcher Hayes and Snyder, Orin Snyder and Ashlie Beringer, New York City, for defendant.

### ORDER

BERMAN, District Judge.

## I. Background

Plaintiff World Wrestling Federation Entertainment, Inc. ("Plaintiff" or "WWFE") objects to the Order of United States Magistrate Judge Henry B. Pitman, issued October 3, 2001 ("Order"), which denied discovery of certain materials pursuant to Federal Rules of Civil Procedure 26(b) ("Fed. R. Civ.P."). **For the reasons set forth below, Magistrate Judge Pitman's Order is affirmed.**

## II. Standard of Review

When considering objections to an order issued by a magistrate judge concerning a nondispositive matter, "the district judge... shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Thompson v. Keane,* No. 95 Civ. 2442(SHS)(AJP), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996). An order is "clearly erroneous" only when " 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Thompson,* 1996 WL 229887, at *1 (citation omitted); *see also Siao–Pao v. George,* 1992 WL 236184, at *2 (S.D.N.Y. Sept.10, 1992). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure.' " *Thompson,* 1996 WL 229887, at *1 (quoting *Securities and Exchange Comm'n v. Thrasher,* 1995 WL 456402, at *12 (S.D.N.Y. Aug.2, 1995)). A magistrate judge's resolution of discovery disputes deserves substantial deference. *See Thompson,* 1996 WL 229887, at *1; *Siao–Pao,* 1992 WL 236184, at *2.

## III. Analysis

Having reviewed the record herein, including, among other things, Magistrate Judge Pitman's Order; Objections to Magistrate Judge Pitman's October 3, 2001 Order, dated October 12, 2001 ("Plaintiff's Objections"); Defendant's Response to Plaintiff's Objections to Magistrate Judge Pitman's October 3, 2001 Order, dated October 23, 2001 ("Defendant's Objections"); Letter from John J. Sullivan to Magistrate Judge Pitman, dated August 17, 2001; Letter from Ashlie Beringer to Magistrate Judge Pitman, dated September 18, 2001; Letter from Orin Snyder to Magistrate Judge Pitman, dated April 20, 2001; this court's Order issued on June 21, 2001; Deposition of James K. Bell, taken by Defendant on August 8, 2001; Deposition of Edward L. Kaufman, taken by Defendant on August 10, 2001; Letter from John J. Sullivan to Magistrate Judge Pitman, dated September 28, 2001; Transcript of the October 2, 2001 Oral Argument; Transcript of the April 24, 2001 Oral Argument; Amended First Request for Production of Documents Directed to Defendant, dated October 3, 2000; Defendant's Response to Plaintiff's Amended First Request for Production of Documents, dated November 20, 2000; Defendant's Response to Plaintiff's Second Set of Requests for Production of Documents, dated July 30, 2001; Magistrate Judge Pitman's Order, dated April 27, 2001; as well as the relevant legal authorities, the Court concludes that Magistrate Judge Pitman's Order was neither clearly erroneous nor contrary to law.

First, Magistrate Judge Pitman applied the proper standard pursuant to Fed. R.Civ.P. 26(b) in denying WWFE's discovery request. WWFE contends that Magistrate Judge Pitman used a Federal Rules of Evidence "balancing" test to make his decision and, thus, made a trial admissibility determination rather than a relevancy determination. During an October 2, 2001 discovery conference, Magistrate Judge Pitman focused on whether and how the requested documents

were relevant to the claims and defenses of the case. *See World Wrestling Federation Entertainment, Inc. v. William Morris Agency, Inc.,* 00 Civ. 7420(RMB)(HBP) (Oct. 2, 2001) (oral argument). "How is what happened with respect to [William Morris' other clients] relevant?" *Id.* at 8:20–21. "Ordinarily, what is relevant in a breach of contract claim is the transaction between the parties to the contract. Ordinarily, contractual agreements between one of the contracting parties and third parties is irrelevant." *Id.* at 57:13–18. "I appreciate that the standard of relevance for discovery purposes is not—is looser than the standard at trial. Nevertheless, though, there has to be—the relevance standard for discovery is not unlimited." *Id.* at 58:23–59:1. Because the "treatment of one contracting party in the entertainment field does not really illuminate or is not really relevant to how another party in the entertainment field is treated," *id.* at 58:2–4, WWFE's "application to compel production of [such] documents [should be] denied." *World Wrestling Federation Entertainment, Inc. v. William Morris Agency, Inc.,* No. 00 Civ. 7420(RMB)(HBP) at 1 (Oct. 3, 2001).

Moreover, "[a] Court has the discretion to deny discovery requests if it determines that... 'the burden or expense of the proposed discovery outweighs its likely benefit.'" Fed.R.Civ.P. 26(b)(2); *see also Yurman Design Inc.,* 99 Civ. 9307(JFK), 2000 WL 1871715, at *3, 2000 U.S. Dist. Lexis 18329, at *9 (S.D.N.Y.2000). Magistrate Judge Pitman determined that: "the nature of the agreements that William Morris enters into with other entertainment companies and how those agreements are monitored and enforced, although it has some probative value...the probative value is so small that I don't think the burden of producing those documents and the concomitant discovery that that discovery would require justifies the discovery of those documents in this case." *World Wrestling Federation,* 00 Civ. 7420, Tr. at 59:8–15 (Oct. 2, 2001) (oral argument). This ruling was well within a judge's

discretion to determine that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2); *see also Yurman,* 2000 WL 1871715, at *3, 2000 U.S. Dist. Lexis 18329, at *9. "[I]n deciding discovery disputes, a magistrate judge is entitled to 'broad discretion, which will be overruled only if abused.'" *Yurman,* 2000 WL 1871715, at *3, 2000 U.S. Dist. Lexis 18329, at *9 (quoting *Dubin v. E.F. Hutton Group Inc.,* 125 F.R.D. 372, 373–74 (S.D.N.Y.1989)). The decision here was well within the Magistrate's discretion.[1]

Second, with regard to WWFE's Document Requests numbered one and five, Defendant asserted that "there are no documents in my client's possession, custody, or control with respect to both forms that are responsive to requests number one and five." *World Wrestling Federation Entertainment,* 00 Civ. 7420, Tr. at 52:7–10 (Oct. 2, 2001) (oral argument). Magistrate Judge Pitman ruled correctly that that assertion "moots the issue with respect to those two items." *Id.* at 57:6.

## IV. Conclusion and Order

The magistrate judge's Order was not clearly erroneous or contrary to law. **For the reasons set forth above, Magistrate Judge Pitman's Order is affirmed.**

---

1. "Although the amendments to Rule 26(b)(1) do not dramatically alter the scope of discovery, 'unless expanded by the court for good cause shown, it is intended that the scope of discovery be narrower than it was, in some meaningful way.'" *Surles v. Air France,* No. 00 Civ. 5004, 2001 WL 1142231, at *1 n. 3, 2001 U.S. Dist. Lexis 15315, at *4 n. 3 (S.D.N.Y.2001) (quoting *Thompson v. Department of Housing and Urban Development,* 199 F.R.D. 168, 172 (D.Md.2001)).