SANYO LASER PRODUCTS, INC., Plaintiff,

v.

ARISTA RECORDS, INC.; Atlantic Recording Corporation; Bad Boy Records; BMG Entertainment Mexico S.A. De C.V.; BMG Music d/b/a BMG U.S. Latin; Capitol Records, Inc.; Elektra Entertainment Group, Inc.; Fonovisa, Inc.; Loud Records LLC; Motown Records Company, L.P.; London–Sire Records, Inc.; Sony Discos, Inc.; Sony Music Entertainment, Inc.; UMG Recording, Inc.; Virgin Records American, Inc.; Warner Bros. Records, Inc.; Wea Latina, Inc.; Delta Entertainment, Corp.; Digidoc Productions, Inc.; Eastco Pro Media Corporation; The Mix Shop; and Wingspan, Defendants.

No. IP01–1649–C Y/K.

United States District Court, S.D. Indiana, Indianapolis Division.

May 20, 2003.

John R. Maley, Barnes & Thornburg, Indianapolis, IN, Scott E. Shockley, Defur, Voran, Hanley, Radcliff & Reed, Muncie, IN, for Plaintiff.

Patricia H. Benson, Mitchell, Silberberg & Knupp, Los Angeles, CA, Scott D. Himsel, Baker & Daniels, Indianapolis, IN, William C. Moran, Williamsville, NY, Franklin A. Safrin, Safrin & Associates, Indianapolis, IN, for Defendants.

## ENTRY ON RECORD COMPANIES' MOTION TO COMPEL DISCOVERY AND SANYO LASER COMPANY'S MOTION FOR A PROTECTIVE ORDER

BAKER, United States Magistrate Judge.

In December 2000, Federal Rule of Civil Procedure 26(b)(1) was amended to reflect that parties to litigation "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." As one of the most controversial of the 2000 amendments, the stated purpose of the amendment was to narrow the scope of discovery. Previous to the amendment, a party could obtain discovery into any matter, not privileged, that is "relevant to the subject matter involved in the pending action."

Still in its infancy, few courts have addressed the difference between the two standards and how it may impact a party's ability to obtain discovery. Plaintiff/Counterdefendant Sanyo Laser Products, Inc. ("SLP") contends that the narrower standard prevents Defendants/Counterclaimants (the "Record Companies") from obtaining discovery via interrogatories, requests for production, and Rule 30(b)(6) deposition testimony. The Court is now called upon to examine this revised discovery standard.

### I. Background

This is a copyright infringement case. The Record Companies allege that SLP engaged in copyright infringement of certain sound recordings copyrighted and owned by the Record Companies. Upon the breakdown of negotiations to resolve this matter without litigation, SLP filed a complaint seeking damages and a declaratory judgment ruling that it did not engage in copyright infringement. [First Am. Compl. ¶ 1; Docket # 32]. The Record Companies counterclaimed, alleging that SLP and "Does 1

through 10 inclusive" (collectively the "Counterdefendant"), without authorization or consent of the Record Companies, manufactured, reproduced, and distributed the Record Companies' copyrighted sound recordings. [Sec. Am. Countercl., ¶¶ 22, 26; Docket # 108]. Therefore, the Record Companies' counterclaims allege copyright infringement in violation of 17 U.S.C. §§ 106, 501, & 602, and various supplemental claims under Indiana state law for theft, conversion, and unfair competition. [*Id.* at ¶¶ 31–51]. The counterclaim also alleges that "each counterdefendant is the agent of the other and the Counterdefendants have conspired with one another" in engaging in copyright infringement. [*Id.* at ¶ 23].

The primary focus of this discovery dispute revolves around the Record Companies' counterclaims in regard to the unnamed "John Doe" counterdefendants. Much of the disputed discovery stems from the Record Companies' attempt to discover SLP's business relationship with Sanyo North America, Sanyo Electric Co, Ltd., and Sanyo Sales and Marketing Corporation. [Mot. For Protect. Ord., p. 2]. Specifically, the Record Companies believe that these closely affiliated companies with SLP are liable for "vicarious infringement" of its copyrights in that they may have had knowledge of, or participated in, the alleged infringement. [Mot. to Compel., p. 5]. The remaining discovery disputes revolve around the Record Companies' discovery into SLP's own contentions in this case, the nature and extent of the alleged copyright infringement committed by SLP, and a Rule 30(b)(6) notice of deposition served by the Record Companies to explore SLP's "business relationship" with the claimed related entitles it seeks to establish were involved in the alleged infringement. [*Id.* at pp. 5–6; Resp. to Mot. For Protect Ord., pp. 1–2, 5]. SLP opposes the sought-after discovery and moves for a protective order on the Rule 30(b)(6) deposition notice, claiming that it is a belated attempt by the Record Companies to add additional parties to their infringement action, and is beyond the scope of Rule 26(b)(1). [SLP's Resp to MTC., p. 1; Mot. For Protect. Ord., ¶¶ 2, 6].

Two motions are before the Court. First, the Record Companies move to compel discovery to obtain responses to its interrogatories and requests for production of documents. Second, SLP has filed a motion for a protective order regarding the Record Companies' Rule 30(b)(6) notice of deposition. For the reasons set forth below, the Record Companies' motion to compel is GRANTED, and SLP's motion for a protective order is DENIED.

## II. Discussion

### A. Rule 26(b) Discovery Standard

#### 1. 2000 Amendments

Rule 26(b)(1) was amended to narrow the scope of discovery to compel the parties to focus on discovering information that is relevant to their case's claims and defenses. The rule now permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." *Davenport v. Indiana Masonic Home Foundation, Inc.,* 2003 WL 1888986, *3 (S.D.Ind. Mar.27, 2003), *quoting* Rule 26(b)(1). Previously, discovery was broadly defined in that information was generally discoverable if it was relevant to the subject matter involved in the pending action. *See, e.g., Tax Track Systems Corp. v. New Investor World, Inc.,* 2002 WL 31473818, *13 n. 11 (N.D.Ill.2002) (prior to December 1, 2000, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party....."); *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) ("The key phrase in this definition—'relevant to the subject matter involved in the pending action'—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."). The purported purpose of the amendment was not only to narrow the scope of discovery, but also to address the rising costs and delay of discovery. *See Graham v. Casey's General Stores,* 206 F.R.D. 251, 253 (S.D.Ind.2002); Advisory Committee's Notes to 2000 Amendments to Fed.R.Civ.P. 26.

Under the revised rule, parties are still able to obtain discovery that is relevant to the subject matter involved in the pending action if good cause is shown. *See White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 366 (N.D.Ill.2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); Advisory Committee's Note to 2000 Amendments to Fed.R.Civ.P. 26 ("The court, however, retains authority to order discovery of any matter relevant to the subject matter involved in the action for good cause."). The "good cause" concept is meant to be flexible. *See, e.g., Hill v. Motel 6*, 205 F.R.D. 490, 492 (S.D.Ohio 2001) ("The good cause standard is meant to be flexible, but the party seeking such discovery should ordinarily be able to articulate a reason for believing it is warranted"). Under the relevancy standard, "information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Martin Properties, Inc. v. Florida Industries Investment Corp.*, 2003 WL 1877963, *2 (N.D.Ill. Apr.14, 2003), *quoting* Rule 26(b)(1).

■ In the event the parties cannot informally resolve a discovery dispute, Rule 37 provides a vehicle for the aggrieved party to request an order from the Court compelling discovery. *See Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D.Ind.2002), *citing Adams v. Target*, 2001 WL 987853, *1 (S.D.Ind.2001). When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Beach v. City of Olathe, Kansas*, 203 F.R.D. 489, 496 (D.Kan.2001), *citing Scott v. Leavenworth Unified School Dist. No. 453*, 190 F.R.D. 583, 585 (D.Kan.1999).

### 2. Impact of the Amendment on the Scope of Discovery

In this case, the parties raise the important question of whether the revised discovery standard impacts the Record Companies' ability to obtain the disputed discovery. Indeed, since the 2000 revisions, litigants have been faced with the dubious task of ascertaining the difference between the terms "relevant to the subject matter involved in the pending action" and "relevant to the claim or defense of any party." Only a handful of courts and commentators have squarely addressed this issue. *Compare World Wrestling Federation Entertainment, Inc. v. William Morris Agency, Inc.*, 204 F.R.D. 263, 265 n. 1 (S.D.N.Y.2001) ("amendments to Rule 26(b)(1) do not dramatically alter the scope of discovery"); *Richmond v. UPS Service Parts Logistics*, 2002 WL 745588, *2 (S.D.Ind.2002) ("The implementation of amended Rule 26 did not necessarily impact the so called 'liberal discovery' standard as evidenced by cases interpreting the post-amendment rule."); *Saket v. American Airlines, Inc.*, 2003 WL 685385, *2 (N.D.Ill. Feb.28, 2003) ("The Federal Rules of Civil Procedure contemplate liberal discovery, and 'relevancy' under Rule 26 is extremely broad."); Christine L. Childers, *Keep on Pleading: The Co-existence of Notice Pleading and the New Scope of Discovery Standard of Federal Rule of Civil Procedure 26(b)(1)*, 36 Val. U.L.Rev. 677, 691 (2002) ("Under the new Rule 26(b)(1), the scope of discovery remains as broad as it was prior to the amendment."); John S. Beckerman, *Confronting Civil Discovery's Fatal Flaws*, 84 Minn. L.Rev. 505, 511–12 (2000) (stating that the 2000 amendments to Rule 26(b)(1) are "basically a semantic change unlikely to have much salutary effect on the conduct of discovery . . . ."), *with Johnson v. Mundy Indus. Contractors, Inc.*, 2002 WL 31464984, *3 (E.D.N.C.2002) (2000 amendments "mandate greater scrutiny of Plaintiff's [discovery] request."); *Surles v. Air France*, 2001 WL 1142231, *1 n. 3 (S.D.N.Y.2001) ("it is intended that the scope of discovery be narrower than it was, in some meaningful way").

One court that squarely addressed this issue concluded that the difference between the two rules could be ascertained by applying the principles in Rule 26(b)(2), thus concluding that there is no real fundamental difference between the current and previous versions. For instance, in *Thompson v. Department of Housing and Urban Development*, 199 F.R.D. 168 (D.Md.2001), the court noted:

Lest litigants and the court become consumed with the philosophical exercise of debating the difference between discovery relevant to the "claims and defenses" as opposed to the "subject matter" of the pending action—the juridical equivalent to debating the number of angels that can dance on the head of a pin—the practical solution to implementing the new rule changes may be to focus more on whether the requested discovery makes sense in light of the Rule 26(b)(2) factors, than to attempt to divine some bright line difference between the old and new rule. Under this approach, when confronted with a difficult scope of discovery dispute, the parties themselves should confer, and discuss the Rule 26(b)(2) factors, in an effort to reach an acceptable compromise, or narrow the scope of their disagreement.

*Id.* at 172.

■ Applying these principles, the Court concludes that the scope of discovery has narrowed somewhat under the revised rule. The change, while meaningful, is not dramatic, and broad discovery remains the norm. The revised rule simply provides one additional justification for the Court to put the brakes on discovery that strays from the claims or defenses being asserted. In this regard, the Court agrees that the principles of Rule 26(b)(2) may be utilized to limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." *Smith v. Steinkamp*, 2002 WL 1364161, *6 (S.D.Ind.2002), *quoting* Rule 26(b)(2). The Seventh Circuit has also noted that "[b]efore restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Id., quoting Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir.2002) (internal quotations omitted).

With these standards in mind, the Court turns to the parties' substantive motions.

## B. Record Companies' Motion to Compel Discovery[1]

The Record Companies move to compel discovery based on three categories of information: (1) SLP's own contentions in the case; (2) the nature and extent of the copyright infringement allegedly committed by SLP; and (3) the relationship between SLP and some of its affiliated companies that may have directly or indirectly participated in the alleged infringement. The Court addresses each category in turn below.

### 1. SLP's Contentions

■ Arista Records Interrogatory Nos. 1 & 2 seek information regarding the sound recordings SLP contends it has the authority to "license, [manufacture], adapt, reproduce, replicate, distribute, and/or sell." [Ex. A]. In response, SLP directs the Record Companies to refer to two Bates stamped documents and some documents produced to a third party as responsive to the information they seek. The Record Companies contend that it is impossible from SLP's response to determine which sound recordings SLP has authority to copy. [Mot. to Compel, p. 6]. Although SLP states it supplemented its response twice, the Court finds SLP's responses to these interrogatories are vague and evasive. *See, e.g., Tomanovich v. Glen*, 2002 WL 1858795, *5 (S.D.Ind.2002), *citing Jones v. Syntex Laboratories, Inc.*, 2001 WL 1338987, *2 (N.D.Ill. 2001) (plaintiff's answers to interrogatories were vague and non-responsive, and therefore treated as if no response was given at all).

The Court finds that the information sought by the Record Companies through these interrogatories is central to the Record Companies' defenses in SLP's underlying claim for injunctive relief and damages. Therefore, SLP is ordered to provide complete responses to Arista Interrogatory Nos.

1. SLP contends that the Record Companies' brief in support of their motion to compel discovery violates Local Rule 26.2(a) in that certain documents referred to in the brief were not attached as exhibits. While this is true, the Record Companies subsequently cured this defect, which in any event was essentially harmless.

1–2 without objection in compliance with Rule 33.

### 2. Nature/Extent of SLP's Alleged Copyright Infringement

██ Referring to Exhibits A & B of the second amended counterclaim, Arista Interrogatory Nos. 13 & 14 solicit information about whether SLP contends the parties listed in the exhibits are the exclusive owners of the listed recordings. SLP objected, claiming that it has insufficient knowledge to respond to these interrogatories. In response, the Record Companies note that they provided SLP with certificates of registration with the Copyright Office concerning the recordings at issue. [Mot. to Compel, p. 7].

If SLP had knowledge that the sound recordings it allegedly replicated were copyrighted, this fact would be relevant to whether it committed a willful copyright infringement. *See Martin v. City of Indianapolis*, 192 F.3d 608, 614 (7th Cir.1999), *citing* 17 U.S.C. § 504(c)(2) (a finding that copyright infringement was willful allows the court to increase statutory damages). While SLP cannot respond to an interrogatory if it lacks sufficient information to do so, the unrebutted evidence before the Court suggests that the Record Companies provided documentation for SLP to formulate a sufficient answer. Therefore, SLP is ordered to provide responses without objections to Arista Interrogatory Nos. 13–15.

### 3. Business Relationship Between SLP and Affiliated Companies

██ Arista Request for Production Nos. 1–2, 4–7, 13, 35–36, & 40, Arista Interrogatory No. 24, and Atlantic Recording Interrogatory Nos. 1–2 & 10 seek discovery relating to: (1) SLP's knowledge of and participation in the alleged copyright infringement of the Record Companies' sound recordings; and (2) the agency (or alter ego) relationship between SLP and its affiliated companies, including Sanyo North America, Sanyo Electric Company, Ltd., and Sanyo Sales and Marketing Corporation. [Mot. to Compel, pp. 9–10]. In the second amended counter-

claim, the Record Companies allege that SLP and certain "John Doe" counterdefendants are "the agent of the other" and "have conspired with one another" in engaging in copyright infringement. [SAC ¶ 23]. On November 26, 2002, when the Record Companies filed the second amended counterclaim, they apparently did not know the identity of the entities that allegedly engaged in the conspiracy with SLP. After further investigation, however, the Record Companies have discovered and alleged that SLP, Sanyo North America, Sanyo Electric Company, Ltd., and Sanyo Sales and Marketing Corporation are all interrelated entities that engaged in a conspiracy or participated in the alleged infringement. The Record Companies offer strong evidence in this respect, as set forth in great detail in their memorandum in support of their motion to compel discovery. [Mot to Compel, pp. 9–10]. SLP objects to this discovery, claiming that it is outside the scope of Rule 26(b)(1) in that it is not relevant to the Record Companies' claims and defenses, and that Sanyo North America, Sanyo Electric Company, Ltd., and Sanyo Sales and Marketing Corporation are not named as parties to this litigation. Notably SLP does not object on the grounds that the discovery is unduly burdensome, or that it is privileged. [SLP Resp., pp. 1–2, 9].

Although the Record Companies did not specifically name Sanyo North America, Sanyo Electric Company, Ltd., or Sanyo Sales and Marketing Corporation as parties in their counterclaim, by pleading "John Doe" parties in their counterclaim, they preserve the right to amend their counterclaim to reflect these additional parties. The fact that these entities may or may not have conspired to or engaged in copyright infringement is a solid basis for discovery in this case since it relates to the Record Companies' claims and defenses.[2] For instance, SLP's responses to this line of inquiry will provide the Record Companies information to untangle this apparent complex web of business entities and determine whether an amendment naming the additional parties is

---

2. SLP denies that Sanyo North America is the parent corporation of SLP. [SLP Resp., pp. 3–4]. However, at the discovery stage, the Record Companies did not have to definitively prove that such a relationship existed. They only have to show that the information sought is relevant to their claims and defenses.

appropriate and complies with their obligations under Rule 11. *See* 2000 Advisory Committee's Notes to Rule 26 ("Information about organizational arrangements [ ] could be discoverable if likely to yield or lead to the discovery of admissible information"). Although SLP alleges that it has voluntarily produced over 14,800 documents in discovery, the information requested is not unreasonably cumulative or duplicative, and in light of the important issues raised by the Record Companies in obtaining this information, is not burdensome (an objection to production that SLP did not raise anyway). *See* Rule 26(b)(2).

Alternatively, bearing in mind the narrower discovery standard, even if the Record Companies did not plead in its counterclaim an agency relationship or a conspiracy between the alleged interrelated entities, the information sought here is still discoverable in light of the notice pleading standards. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."). As the *Thompson* court observed:

> [C]ounsel should be forewarned against taking an overly rigid view of the narrowed scope of discovery. While the pleadings will be important, it would be a mistake to argue that no fact may be discovered unless it directly correlates with a factual allegation in the complaint or answer. Such a restrictive approach would run counter to the underlying purpose of the rule changes, as explained by the commentary, run afoul of Fed.R.Civ.P. 1, and undoubtedly do disservice to the requirement of notice pleading in Rule 8, as parties would be encouraged to plead evidentiary facts, unnecessary to a "short and plain statement of the claim showing that the pleader is entitled to relief", Rule 8(a)(2), simply to increase the likelihood of getting broader discovery. It equally is clear, however, that the new rule represents a change from the old version, and that, unless expanded by the court for good cause shown, it is intended that the scope of discovery be narrower than it was, in some meaningful way.

*Thompson v. Department of Housing and Urban Development*, 199 F.R.D. 168, 172 (D.Md.2001).

Finally, assuming that this discovery is not relevant to the Record Companies' claims or defenses, the Court concludes that the information is relevant to the subject matter at hand, and under the revised Rule 26(b)(2), good cause has been demonstrated to obtain the broader discovery requested. *See Adams v. Target*, 2001 WL 987853, *1 (S.D.Ind.2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action"). *See also Shapo v. Engle*, 2001 WL 629303, *2 (N.D.Ill.2001) ("Discovery is a search for the truth."); *Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Employees and Restaurant Employees Intern. Union*, 212 F.R.D. 178, 180–81 (S.D.N.Y. Jan.28, 2003) ("A lawsuit is supposed to be a search for the truth").

Accordingly, the Record Companies' motion to compel is GRANTED. Within 20 days from the date of this entry, SLP is ORDERED to provide responses without objections consistent with this entry to Arista Interrogatory Nos. 1, 2, 13–15 & 24, Arista Request for Production Nos. 1–2, 4–7, 13, 35–36, & 40, and Atlantic Interrogatory Nos. 1–2 & 10.

### C. SLP's Motion For a Protective Order

#### 1. Federal Rule of Civil Procedure 30(b)(6) Standard

"Since it is not literally possible to depose a corporation," Rule 30(b)(6) authorizes litigants to name a business entity as a deponent. *Crous Cartage Co. v. National Warehouse Inv. Co.*, 2003 WL 118001, *1 (S.D.Ind. Jan 13, 2003). Rule 30(b)(6) provides in pertinent part: "A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency ... In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf...." *Id.*, quoting *Solomon v. Kimberly–Clark Corp.*, 1999 WL 89570, *2 (N.D.Ill.1999). Thus, the practical effect of serving a Rule

30(b)(6) notice is to place "a duty upon the business entity to designate an individual to testify on behalf of the corporation who has knowledge responsive to subjects requested in the Rule 30(b)(6) requests of its opponents." *Beloit Liquidating Trust v. Century Indem. Co.*, 2003 WL 355743, *2 (N.D.Ill. Feb.13, 2003), *citing Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir.1993). *See also AstraZeneca AB v. Mutual Pharmaceutical Co., Inc.*, 2003 WL 1113271, *10 (E.D.Pa. Mar.14, 2003) ("purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation.").

Rule 30(b)(6) imposes a duty upon the business entity "to prepare the selected deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." *Beloit*, 2003 WL 355743, at *5, *citing Alexander v. F.B.I.*, 186 F.R.D. 128, 132 (D.D.C.1998). The rule is designed to prevent business entities from "bandying," the practice of presenting employees for their deposition who disclaim knowledge of facts known by other individuals within the entity. *See Hooker v. Norfolk Southern Ry. Co.*, 204 F.R.D. 124, 126 (S.D.Ind.2001), *citing Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082, *8 (N.D.Ill.2000). *See also* Fed. R.Civ.P. 30(b)(6) Advisory Committee's Note (bandying is the practice "by which officers or managing agents of a corporation [or government agency] are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it.").

### 2. The Record Companies May Take Rule 30(b)(6) Depositions to Explore SLP's "Business Relationship" With Affiliated Corporations

On January 28, 2003, Atlantic served on SLP a notice of deposition pursuant to Rule 30(b)(6) seeking a deponent most knowledgeable to testify on behalf of SLP about the "business relationship(s) between or among SLP, Sanyo Electric Company, Ltd., Sanyo Sales and Marketing and/or Sanyo North America, including but not limited to financial relationships, ownership relationships, managerial relationships, [and] reporting relationships...." [Mot. For Protect. Ord., Ex. A]. The parties' positions on this issue

are identical to their positions on the Record Companies' disputed discovery requests on SLP's affiliated companies. For instance, SLP objects and moves for a protective order under Rule 26(c), claiming that the information sought is not relevant to the Record Companies' claims and defenses. [*Id.* at ¶¶ 2, 9]. In response, the Record Companies claim that the testimony sought is relevant to its claims and defenses in that "discovery concerning SLP's affiliated companies and these companies' knowledge of, and participation in, SLP's [alleged] copyright infringement." [RC's Resp., p. 2].

 "[O]n matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had." Rule 26(c)(1). As the moving party, SLP has the burden to show "good cause" exists for the entry of a protective order. *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D.Ind.2003). Allegations of general injury are insufficient to constitute good cause; the movant must show that disclosure will cause a clearly defined and serious injury. *See Patt v. Family Health Sys., Inc.*, 189 F.R.D. 518, 522 (E.D.Wis.1999).

SLP fails to make a showing of good cause for the Court to enter a protective order on the Rule 30(b)(6) deposition notice. For the identical reasons set forth in section II–B–3 of this entry, the Record Companies are entitled to depose any individual designated as a Rule 30(b)(6) witness to explore any business relationships SLP may have with either Sanyo Electric Company, Ltd., Sanyo Sales and Marketing Company, or Sanyo North America. This testimony is particularly important to the Record Companies, considering the designated witness may authenticate documents SLP may produce in discovery relating to SLP's business relationship with these affiliated corporations.

Accordingly SLP's motion for a protective order is DENIED.

**504**

### III. Conclusion

The Record Companies' motion to compel is GRANTED. Within 20 days from the date of this entry, SLP is ORDERED to provide responses without objections consistent with this entry to Arista Interrogatory Nos. 1, 2, 13–15 & 24, Arista Request for Production Nos. 1–2, 4–7, 13, 35–36, & 40, and Atlantic Interrogatory Nos. 1–2 & 10. SLP's motion for a protective order is DENIED.

So ordered.