MAKRO (SAMOA), INCORPORATED dba METRO
ENTERPRISES, an American Samoa Corporation, CHEN KUO
YEN aka TONY CHEN, and CHEN WU MAN CHU aka
CHRISTINE CHEN, Plaintiffs,

v.

PROGRESSIVE INSURANCE COMPANY (PAGO PAGO) LTD.,
an American Samoa Corporation, and DOES 1 THROUGH 10,
inclusive, Defendants.

---

PROGRESSIVE INSURANCE COMPANY (PAGO PAGO) LTD.,
Third-Party Plaintiff,

v.

MARK SOLOFA PACIFIC INSURANCE & FINANCE, INC., and
MARK SOLOFA, MARK JASON SOLOFA, and NADINE
SOLOFA-TAUFA`ASAU, individually and as employees of MARK
SOLOFA PACIFIC INSURANCE & FINANCE, INC., MARK
SOLOFA INC., Third-Party Defendants

High Court of American Samoa
Land and Titles Division

CA No. 56-99

June 17, 2004

Before KRUSE, Chief Justice, and ATIULAGI, Associate Judge.

Counsel: For Plaintiffs, Paul F. Miller
    For Defendants/Third-Party Plaintiffs, Roy J.D. Hall, Jr.
    For Third-Party Defendants, David M. Vargas

189

## ORDER GRANTING MOTION TO COMPEL
## AND AWARDING SANCTIONS

Defendant Progressive Insurance Company (Pago Pago) Ltd. ("Progressive") moves for an order compelling Plaintiff Makro (Samoa), Inc. d/b/a Metro Enterprises ("Makro") to fully respond to its third set of interrogatories. Progressive also moves for an award of sanctions. Counsel for Progressive and for third-party Defendants were present at the June 14, 2004 hearing on this matter. Plaintiffs and their counsel were not present at the hearing nor did they respond to the motion to compel. For the reasons stated below, we grant Progressive's motion to compel and award expenses.

On April 15, 2004, Progressive filed its third set of interrogatories. This consisted of one interrogatory requesting Plaintiffs to "[p]lease indicate the page numbers of each and every page of the attached report of Mark Hunsaker that represents inventory, stock or stock items that were in Makro (Samoa) Inc.'s Fagatogo building when it burned." (*See* Def.'s Third Set of Interrogs. at 3.) This interrogatory followed other interrogatory requests by Progressive in which Progressive sought information regarding the value of the inventory at the Fagatogo store. Makro responded to these requests by referring to the Mark Hunsaker report.

On May 19, 2004, Makro filed its response claiming "[e]ach and every page of the report attached by Progressive represents some aspect, [sic] of the inventory, stock, or stock items that were in Makro (Samoa) Inc.'s Metro Store building when it burned. Some pages are more representative than others, as shown by comparing the first 42 pages to the remaining pages." (*See* Pl.'s Answer to Progressive's Third Set of Interrogs. at 2.) Progressive argues that Makro=s response to this interrogatory was insufficient.[1]

---

[1] We note that there is no evidence the parties met and conferred before Progressive brought the instant motion to compel discovery. Unlike the Federal Rules of Civil Procedure, the Trial Court Rules of Civil Procedure do not explicitly require the parties to meet and confer prior to bringing discovery motions. *Compare* FED. R. CIV. PRO. 37(a)(2)(B) *with* T.C.R.C.P. 37. The High Court seeks to conform to the Federal Rules of Civil Procedure. *See* A.S.C.A. § 43.0201(a). The meet and confer requirement forces the parties to discuss and possibly resolve the disputed issue before running into court to seek relief. We encourage parties to make use of this procedure before bringing discovery motions.

According to T.C.R.C.P. 33(c),

> [w]here the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served . . . and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records form [sic] which the answer may be derived. . . .

In previous interrogatory responses, Makro has referred Progressive to Mark Hunsaker's report. We do not have enough information to determine whether Mark Hunsaker's report falls under this rule and is properly considered a business record of Plaintiffs. As such, Makro's use of the report to answer previous interrogatory requests may have been inappropriate.[2] However, Progressive is not challenging Makro's use of the report in this motion but, rather, seeks a more complete response regarding where in the report the information is located.

■ We believe Makro's response directing Progressive to every single page of a 400 plus page report is evasive. *See generally* 7 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 37.03 (3d ed. 1999); *see also Sanyo Laser Prod., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 500 (S.D. Ind. 2003) (finding responses vague and evasive when they refer the requesting party to "two Bates stamped documents and some documents produced to a third party as responsive"). Makro is better suited than Progressive to identify the specific pages that contain responsive information. In light of the circumstances of this case, Progressive's motion to compel is granted.

■ Progressive also requests Rule 37 expenses. According to T.C.R.C.P. 37(a)(4), if the moving party's motion is granted, the court shall "require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses." *See also Johnson v. Coulter*, 25 A.S.R.2d 84, 88 (Trial Div. 1993). Likewise, if the moving party's motion is denied, expenses and attorney's fees in opposing the motion may be awarded to the non-moving party. *Id.*

---

[2] Even assuming Mark Hunsaker's report does qualify as a business record of Makro's, Rule 33(c) requires the burden of finding the answer to be the same on both parties in order for the answering party to use a document in lieu of answering. We do not believe the burden in ascertaining information regarding Makro's inventory, stock or stock records at the time the building burned down is the same for these parties. Clearly, Makro is better suited to obtain this information.

In this case, we find an award of expenses to Progressive to be appropriate. Makro's response was evasive, and it offered no opposition in response to Progressive's motion to compel to demonstrate otherwise.

## Order

Progressive's motion to compel a complete answer to its interrogatory is granted. Makro shall answer Progressive's Third Set of Interrogatories within 30 days of the entry of this order. Progressive's motion for expenses is granted. Makro shall pay reasonable attorney's fees and costs incurred by Progressive in the bringing of this motion. Counsel for Progressive shall submit his bill of fees and costs for the Court's approval.

It is so ordered.